UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-80271-CIV-MARRA/JOHNSON

MARILYN BLOCH,

    Plaintiff,

v.

TERESA DiLORENZO, DISTINCTIVE
FINANCIAL SERVICE; LPL FINANCIAL
SERVICE, LINSCO PRIVATE LEDGER; and
LINCOLN FINANCIAL GROUP,

    Defendants.
_____/

**OPINION AND ORDER**

THIS CAUSE is before the Court upon the filing of the Complaint (DE 1) and Plaintiff's Application to Proceed Without Prepayment of Fees (DE 2), filed March 14, 2008. The Court has carefully considered the application and the record and is otherwise fully advised in the premises.

On March 14, 2008, *pro se* Plaintiff Marilyn Bloch ("Plaintiff") filed her Complaint (DE 1) against Defendants Teresa DiLorenzo, LPL Financial Service, Linsco Private Ledger, and Lincoln Financial Group, seeking rescission or other equitable remedies under a contract she held with Defendants.[1]

The Supreme Court has established that a court should afford a *pro se* litigant wide leeway in pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (holding

---

[1] The Court is not clear exactly what cause of action Plaintiff is trying to assert in her Complaint.

allegations of a *pro se* complaint to a less stringent standard than formal pleadings drafted by lawyers). However, this leniency does not give the court license to rewrite an otherwise deficient pleading in order to sustain an action. *GJR Investments, Inc., v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). *Pro se* litigants are required to meet certain essential burdens in their pleadings. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

**Subject Matter Jurisdiction**

One of these burdens is asserting a proper basis for subject matter jurisdiction. In bringing her claim, Plaintiff invokes this Court's diversity jurisdiction. (*See* Compl. ¶ 5.) Pursuant to 28 U.S.C. § 1332, a federal district court has original jurisdiction over a civil action where 1.) the amount in controversy exceeds $75,000 exclusive of interests and costs and 2.) the action is between citizens of different states. In this case, Plaintiff seeks actual and punitive damages totaling $25 million, so the amount-in-controversy requirement has been met. (*See* Compl. 2.)

However, the Complaint does not indicate that the action is between citizens of different states such that § 1332 is satisfied. In the Complaint, Plaintiff asserts that she is a citizen and resident of Florida. (Compl. ¶ 1.) Plaintiff asserts that Defendant DiLorenzo runs a business ("Distinctive Financial Services") which also has its principal place of business[2] in Florida. (Compl. ¶ 2.) As for the citizenship of the other Defendants, Plaintiff alleges that LPL Financial Service, Linsco Private Ledger has its principal place of business in Massachusetts and that Lincoln Financial Group has its principal place of business in Indiana. (Compl. ¶¶ 3-4.)

---

[2] A corporation is considered a citizen of the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

On the face of the Complaint, it appears that Plaintiff and Defendant DiLorenzo/Distinctive Financial Services are both citizens of the State of Florida. It has been long established in the federal courts that a plaintiff seeking to invoke diversity jurisdiction must demonstrate "complete diversity" of parties, meaning that no plaintiff can be a citizen of the same state as any defendant in the action. *See, e.g., Montana Mining Co. v. St. Louis Mining & Milling Co. of Montana*, 204 U.S. 204, 213 (1907) ("In order to sustain the jurisdiction of the circuit court on the ground of diverse citizenship, the citizenship of all the parties on one side must be diverse from that of those on the other.") Here, however, Plaintiff appears to have the same citizenship as one of the Defendants, meaning that the parties are not completely diverse. Thus, because complete diversity has not been established in this case, the Court does not have subject matter jurisdiction over Plaintiff's dispute.

**In Forma Pauperis**

Plaintiff has also filed an Application to Proceed without Prepayment of Fees and Affidavit (DE 2). In forma pauperis proceedings are governed by 28 U.S.C. § 1915, which states, in pertinent part, that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . by a person who submits an affidavit that . . . [he] is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1). However, § 1915(e) mandates that a court "shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; [or] (ii) fails to state a claim upon which relief can be granted." 28 U.S.C. § 1915(e)(2)(B).

In considering whether a *pro se* plaintiff should be permitted to proceed in forma

pauperis, a court must follow a two-step process. First, the plaintiff must qualify by economic status, and second the court must determine whether the claims stated in the complaint are frivolous or malicious or whether the complaint fails to state a claim on which relief may be granted. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989).

In her financial statement, Plaintiff avers that she has had no income of any kind in the past twelve months,[3] that she has no bank accounts, and that she has no assets of any value. (DE 2.) Assuming these statements to be true, Plaintiff would meet the economic status requirement.[4]

However, Plaintiff's Complaint cannot currently satisfy the second requirement. In evaluating whether an action fails to state a claim on which relief may be granted, Fed. R. Civ. P. 12(b)(6) standards apply. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Under Rule 12(b)(6) standards, "a complaint . . . does not need detailed factual allegations, [but] plaintiff's obligation to provide 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitations of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965-66. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

As the Court has already explained, the Complaint fails to allege a proper basis for this Court's exercise of subject matter jurisdiction. Further, the Court cannot determine what cause

---

[3] Plaintiff lists that she was employed through June 2007, but Plaintiff does not list the salary or wages she received from this employer.

[4] The Court wonders, nevertheless, how Plaintiff can afford the necessities of life (food, housing, etc.) when she has no income, no savings, and no assets of value. The Court reminds Plaintiff of her duty to report *all* assets and sources of income.

of action Plaintiff is trying to assert. The Court could assume that Plaintiff is trying to assert a cause of action for rescission of a contract, unjust enrichment, *quantum meruit*, or even perhaps another statutory cause of action under Florida law. (*See* Compl. ¶ 5.) However, the Court would be engaging on its own expedition to find a cause of action to fit Plaintiff's facts when it is, in fact, Plaintiff's burden to state the legal basis for the relief she seeks.[5] While the Court is required to read *pro se* pleadings liberally, the Court should not re-write Plaintiff's Complaint in order to sustain the action. Thus, the action must also be dismissed for failure to state a claim for which relief can be granted.

Accordingly, it is **ORDERED AND ADJUDGED** that the Complaint (DE 1) is **DISMISSED WITHOUT PREJUDICE**. Because Plaintiff cannot establish diversity jurisdiction in this case, leave to amend would be futile. Plaintiff's Application to Proceed Without Prepayment of Fees (DE 2) and all other pending motions are **DENIED AS MOOT**. The Clerk shall **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of March, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies to:
Marilyn Bloch, *pro se*

---

[5] For instance, while Plaintiff seeks actual and punitive damages totaling $25 million, Plaintiff also states that "[t]his is no longer a contract but these defendants say it is and refuse to cancel it." (Compl. ¶ 5.) This statement might indicate that Plaintiff wants the Court to declare the contract to be cancelled which would suggest a cause of action for rescission of the contract. However, "the prime object of rescission and cancellation is to undo the original transaction and restore the former status," *Willis v. Fowler*, 136 So. 358, 369 (Fla. 1931), and an award of punitive damages would be unavailable.